Hovey v. Matteson, 188 Ill. App. 486.

---

## Charles M. Hovey, Appellee, v. D. A. Matteson, Appellant.

### Gen. No. 19,852.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed with finding of fact. Opinion filed October 6, 1914.

## Statement of the Case.

Action by Charles M. Hovey against D. A. Matteson to recover commissions claimed to be due plaintiff as a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

licensed real estate broker for procuring an exchange of defendant's fifteen-flat building for another flat building. From a judgment entered on a verdict in favor of plaintiff for $1,193, defendant appeals.

Plaintiff's statement of claim alleged, in substance, that the defendant "listed" said building with plaintiff and "agreed thereby to pay the customary commission" in case plaintiff found a customer; that such customary commission is two and one-half per cent.; that plaintiff found a customer, one Emanuel Leavitt, who purchased the property at the price of $47,500, and that, therefore, plaintiff claimed a commission of two and one-half per cent. on the amount of the property sold for. In defendant's affidavit of merits it was alleged, in substance, that plaintiff did not procure said Leavitt as a customer for defendant's building; that said building was exchanged for another building owned by said Leavitt, which latter building was of a value much less than $47,500; that another real estate broker, named Gripp, was the procuring cause of such exchange, and that plaintiff at the time was acting as a broker for said Leavitt.

R. D. MATTESON, for appellant; D. S. WEGG, of counsel.

GEORGE H. MASON, for appellee; FRED B. HOVEY, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 51*—*when broker not procuring cause of exchange of real estate.* In an action for brokerage commissions for procuring an exchange of real estate, evidence *held* insufficient to show that plaintiff was the procuring cause in bringing about the agreement for the exchange, it appearing that the defendant had listed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

his property with plaintiff and another real estate broker and that the latter broker first directed the attention of the defendant to property listed with him for exchange and brought about an agreement for the exchange, and there being no evidence to show that defendant did not remain neutral as between plaintiff and the other broker, or that defendant was guilty of any wrong to plaintiff.

2. BROKERS, § 84*—*admissibility of evidence.* In an action for brokerage commissions for procuring an exchange of real estate owned by defendant, where it appeared that another broker with whom the property was also listed, consummated the exchange, *held* that a carbon copy of a letter written by plaintiff to defendant after the exchange had been consummated, in which he stated a history of the dealings and relations of the parties and expressed surprise at the "clandestine" manner in which the negotiations had been carried on, etc., was a self-serving document and apparently written in preparation of making a claim against defendant for commissions, and *held* that its admission in evidence on behalf of plaintiff tended to prejudice the jury in favor of plaintiff.

3. BROKERS, § 99*—*when instruction on amount of compensation erroneous.* In an action in the Municipal Court for commissions in procuring an exchange of real estate for defendant, where there was no special agreement as to the rate of the commissions, the giving of an oral charge to the jury in which they were told that if they found the issues for plaintiff their verdict must be for a certain sum, which was computed at a certain rate on the trade value, *held* error where there was testimony that the rate used in computing the sum was the customary charge, but where there was no testimony of the custom on what that rate was figured, whether on the actual or trade value, and where there was testimony as to the custom, whether said rate was figured on the value of the property less the mortgage or not.